B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
Northern District of Illinois

In re  MARK W. ROULEY, ET AL.  ,
              Debtor

Case No. 09-75103
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Alpine Bank & Trust Co.

2. Amount of the debt subject to this reaffirmation agreement:
   $ 10,107.99 on the date of bankruptcy       $ 10,156.42 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:  9.25 % prior to bankruptcy
   9.25 % under reaffirmation agreement ( ✓ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 170.91 per month for _____ months

5. Collateral, if any, securing the debt: Current market value: $ 155,000.00
   Description: Second Mortgage - 4133 Chandan Blvd., Poplar Grove, Illinois

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | | Debtor's Income and Expenses as Stated on Reaffirmation Agreement | |
|---|---|---|---|
| 7A. Total monthly income from Schedule I, line 16 | $ 5,126.44 | 7B. Monthly income from all sources after payroll deductions | $ 5,126.44 |
| 8A. Total monthly expenses from Schedule J, line 18 | $ 4,385.38 | 8B. Monthly expenses | $ 4,214.47 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J | $ _____ | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses | $ 170.91 |
| | | 10B. Net monthly income (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) | $ 741.06 |

B27 (Official Form 27) (12/09)                                                                              Page 2

11.  Explain with specificity any difference between the income amounts (7A and 7B):
     _____
     _____

12.  Explain with specificity any difference between the expense amounts (8A and 8B):
     Line 8B does not include the monthly payment for the second mortgage which is the
     subject of this Reaffirmation Agreement. That amount is included on 9B.

    If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that
any explanation contained on those lines is true and correct.

_____                    _____
Signature of Debtor (only required if              Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                        required if line 11 or 12 is completed)

Other Information

☐   Check this box if the total on line 10B is less than zero. If that number is less than zero, a
presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with
specificity the sources of funds available to the Debtor to make the monthly payments on the
reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
     ✓ Yes              _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has
counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
     ✓ Yes              _____ No


### FILER'S CERTIFICATION

    I hereby certify that the attached agreement is a true and correct copy of the reaffirmation
agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                            _____
                                            Signature

                                            James E. Stevens, Attorney for Alpine Bank
                                            Print/Type Name & Signer's Relation to Case

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK W. ROULEY and | ) | Case No. 09-75103 |
| CATHERINE M. ROULEY, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |
| | ) | |

# REAFFIRMATION AGREEMENT

## PART A: DISCLOSURE STATEMENT

**Before agreeing to reaffirm a debt, review these important disclosures**:

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1.   Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2.   Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3.   If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4.   If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5.   The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6.   If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Your right to rescind (cancel) your reaffirmation agreement. You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the Court.

This agreement is valid only if you signed it prior to the date your "Discharge of Debtor" was entered and if you received the disclosures described in subsection (k) of section 524 of the Bankruptcy Code (11 U.S.C. §524(k)) at or before the time you signed this agreement.

**NOTE**: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you

what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code:

### CREDITOR'S STATEMENT CONCERNING SECURITY/COLLATERAL (IF ANY)

Your debt is secured by a security interest which has not been waived in whole or in part or determined to be void by a final order of the court at the time of this disclosure. The undersigned creditor is asserting a security interest or lien in goods or property for some or all of the debts you are reaffirming as follows:

| Listing of items of collateral | Original purchase price or original amount of loan |
|---|---|
|  |  |
| Second Mortgage – 4133 Chandan Blvd., Poplar Grove, Illinois 61065 | $13,253.75 |
|  |  |
|  |  |
|  |  |

Total amount of debt when bankruptcy case was filed:  $10,107.99

| AMOUNT REAFFIRMED | ANNUAL PERCENTAGE RATE*: |
|---|---|
| The Amount of debt you have agreed to reaffirm: **$10,186.42**. This is the total amount of debt that you have agreed to reaffirm by entering into this agreement, including the total of any fees and costs accrued as of the date of the disclosure statement, related to such total amount. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement. | **9.25%** |

Your first payment in the amount of $170.91 is due on January 1, 2010, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

\*The "Annual Percentage Rate" shall be disclosed as –
    (i) if, at the time the petition is filed, the debt is an extension of credit under an open end credit plan, as the terms "credit" and "open end credit plan" are defined in section 103 of the Truth in Lending Act, then –
        (I) the annual percentage rate determined under paragraphs (5) and (6) of section 127(b) of the Truth in Lending Act, as applicable, as disclosed to the debtor in the most recent periodic statement prior to entering into an agreement of the kind specified in subsection (c) or, if no such periodic statement has been given to the debtor during the prior 6 months, the annual percentage rate as it would have been so disclosed at the time the disclosure statement is given to the debtor, or to the extent this annual percentage rate is not readily available or not applicable, then
        (II) the simple interest rate applicable to the amount reaffirmed as of the date the disclosure statement is given to the debtor, or if different simple interest rates apply to different balances, the simple interest rate applicable to each such balance, identifying the amount of each such balance included in the amount reaffirmed, or
        (III) if the entity making the disclosure elects, to disclose the annual percentage rate under subclause (I) and the simple interest rate under subclause (II); or
    (ii) if, at the time the petition is filed, the debt is an extension of credit other than under an open end credit plan, as the terms "credit" and '"pen end credit plan" are defined in section 103 of the Truth in Lending Act, then –
        (I) the annual percentage rate under section 128 (a) (4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to the entering into an agreement of the kind specified in subsection (c) with respect to the debt, or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed at the time the disclosure statement is given to the debtor, or to the extent this annual percentage rate is not readily available or not applicable, then
        (II) the simple interest rate applicable to the amount reaffirmed as of the date the disclosure statement is given to the debtor, or if different simple interest rates apply to different balances, the simple interest rate applicable to each such balance, identifying the amount of such balance included in the amount reaffirmed, or
        (III) if the entity making the disclosure elects, to disclose the annual percentage rate under (I) and the simple interest rate under (II).

If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act, the interest rate on our loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK W. ROULEY and | ) | Case No. 09-75103 |
| CATHERINE M. ROULEY, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |
| | ) | |

### PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below. I (we) hereby agree to make monthly payments of $170.91 commencing on the 1st day of January, 2010, and on the 1st day of each month thereafter until the debt has been satisfied, according to the terms of the original contract, which is hereby incorporated by reference, except as provided below. Any unpaid balance may be paid at any time, without penalty and any unearned finance charge will be refunded as provide by law.

---

**DESCRIPTION OF CREDIT AGREEMENT:**

Contract Date: 8/22/06

Account No.: 9034495220001

Net balance: $10,186.42 as of December 17, 2009

APR: 9.25%

Scheduled Payment Amount: $170.91

Next Due Date: January 1, 2010

Attorney Fees: $160.00

Costs: $0.00

I acknowledge my agreement to this Reaffirmation Agreement, and I acknowledge receipt of a completed copy of this document, this _18_ day of December, 2009.

_____
Signature of Debtor

_____
Signature of Debtor


Accepted on behalf of ALPINE BANK & TRUST CO. f/k/a ALPINE BANK OF ILLINOIS, this _18th_ day of December, 2009, by its duly authorized and acting agent.

_____
Signature of Creditor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK W. ROULEY and | ) | Case No. 09-75103 |
| CATHERINE M. ROULEY, | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |
| | ) | |

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)**

I hereby certify that:

(1)   this agreement represents a fully informed and voluntary agreement by the debtor;

(2)   this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and

(3)   I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

In the event that a presumption of undue hardship has been established with respect to this reaffirmation agreement, it is the opinion of the undersigned attorney that the debtor is able to make the payments.

_____        12/18/09
Signature of Debtor's Attorney, if any        Date


Henry Repay
Print Name


930 W. Locust Street
Belvidere, IL 61008
Address


(815) 547-3369
Phone Number

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK W. ROULEY and | ) | Case No. 09-75103 |
| CATHERINE M. ROULEY, | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF
REAFFIRMATION AGREEMENT**

1.  I (we) believe this reaffirmation agreement will not impose an undue hardship on my dependents or me (us). I (we) can afford to make the payments on the reaffirmed debt because my (our) monthly income (take home pay plus any other income received) is $5,126.44, and my (our) actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $4,214.47 leaving $911.97 to make the required payments on this reaffirmed debt. I (we) understand that if my (our) income less my (our) monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me (us) and must be reviewed by the court. However, this presumption may be overcome if I (we) explain to the satisfaction of the court how I (we) can afford to make the payments here: _____
_____
_____.

2.  I (we) received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

_____     12/18/09
Signature of Debtor                                Date

_____     12/18/09
Signature of Debtor                                Date

B6I (Official Form 6I) (12/07)

In re  **Mark W. Rouley Catherine M. Rouley**            Case No. _____
                        Debtors                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S):<br>Son<br>Son | AGE(S):<br>13<br>11 |
| **Employment:** | DEBTOR | SPOUSE |
| Occupation | **Disabled** | **Quality Supervisor** |
| Name of Employer | | **Schleifring Medical Systems** |
| How long employed | | **8 years** |
| Address of Employer | | **1420 Crispin Drive**<br>**Elgin, IL 60123** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ 4,037.53 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 4,037.53 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 864.20 |
| b. Insurance | $ 0.00 | $ 195.15 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) 401K | $ 0.00 | $ 176.26 |
| 401K Loan | $ 0.00 | $ 217.63 |
| Health Savings Plan | $ 0.00 | $ 198.98 |
| Life Insurance | $ 0.00 | $ 13.14 |
| Long Term Disability | $ 0.00 | $ 7.73 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 1,673.09 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 2,364.44 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) **Social Security** | $ 1,810.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) **Dependent Social Security** | $ 476.00 | $ 0.00 |
| **Dependent Social Security** | $ 476.00 | $ 0.00 |

B6I (Official Form 6I) (12/07) - Cont.

In re **Mark W. Rouley Catherine M. Rouley**  ,  Case No. _____

                              Debtors                                                  (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | |
|---|---|---|
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 2,762.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,762.00 | $ 2,364.44 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 5,126.44 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

B6J (Official Form 6J) (12/07)

In re **Mark W. Rouley Catherine M. Rouley**                                    Case No. _____
                                    Debtors                                              (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,419.58 |
| a. Are real estate taxes included?   Yes ✓   No ___ | | |
| b. Is property insurance included?   Yes ✓   No ___ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 209.00 |
| b. Water and sewer | $ | 55.00 |
| c. Telephone | $ | 139.00 |
| d. Other **Cable/Internet** | $ | 99.00 |
| **Garbage** | $ | 18.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 593.23 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 440.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| 10. Charitable contributions | $ | 80.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 139.55 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 106.61 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 365.41 |
| b. Other **Second Mortgage** | $ | 171.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,385.38 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME
| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,126.44 |
| b. Average monthly expenses from Line 18 above | $ | 4,385.38 |
| c. Monthly net income (a. minus b.) | $ | 741.06 |